FRANK G. L. THOMPSON, AS EXECUTOR OF ADELAIDE THOMPSON, DECEASED, PLAINTIFF, *v.* CHARLES L. SCHMIEDER AND OTHERS, DEFENDANTS.

*Purchase at a foreclosure sale— the court cannot enforce it as to part, with a deduction from the price for the residue as to which the title is defective.*

The purchaser at a foreclosure sale held under a decree of this court, who bid off the premises described in the notice as containing four and 555–1000 acres of land for $30,000, claimed that the title to a portion thereof containing 398–1000 of an acre, was defective, moved to be allowed to take title under his purchase to the four and 157–1000 of an acre, and be given a deduction from the purchase-price for the value of the portion as to which the title was defective.

*Held,* that the court had no power to grant the application, and that its action in denying it without prejudice to the right of the purchaser to refuse to complete his purchase, or to move for relief and for the return of the percentage paid, with interest and expenses, should be affirmed.

APPEAL from an order of the Special Term, denying a motion of a purchaser at a foreclosure sale to have a deduction made from his bid because of a defect in the title to a portion of the premises, and to be allowed to take title to the residue of the premises sold.

*Myer S. Isaacs,* for Isidor Straus, purchaser, appellant.

*Simpson, Thatcher & Barnum* and *W. W. Stewart,* for the plaintiff, respondent.

DAVIS, P. J.:

The purchaser at the foreclosure sale under a decree of this court, who bid off the premises described in the referee's notice of sale at $30,000, claims that the title to a portion of the premises described (which contained four and $\frac{555}{1000}$ acres), being a strip off one side of the same said to contain $\frac{398}{1000}$ of an acre is defective, and for that reason he moves that he be allowed to take title under his purchase to the four $\frac{157}{1000}$ of an acre with a deduction from the purchase-price, of the value of the strip to which the title is defective. The court denied his motion without prejudice to his right to refuse to complete his purchase or to move for relief from the same, and for the return of the percentage paid, with interest and expenses of searching the title, etc.

We think the Special Term was right in denying the motion. It is well settled that under contracts between parties for the sale and purchase of land by described quantities where material deficiencies are discovered to exist, the purchaser may have, at his election, specific performance as to so much as there be of the land, with compensation by way of damages for the deficiency; and in some cases may be compelled to take the title with such compensation. (*King* v. *Knapp*, 59 N. Y., 466; *Paine* v. *Upton*, 87 id., 327, and cases there cited.) But these cases rest altogether upon the rights and obligations of contract between vendor and vendee of the lands, and the liability that grows out of the breach of contract on the part of the seller to make the purchaser good in damages for any injury sustained by reason of such deficiencies. In judicial sales upon the foreclosure of mortgages there is no such contract between vendor and purchaser to which a court may apply or enforce the equitable principles growing out of the breach of contract and the consequent claims for damages to be adjusted between the parties.

The court that has rendered the judgment and directed the sale of the mortgaged lands enters into no contract with the purchaser at the sale, for a breach of which damages may arise to be enforced against the court. And the officer of the court who makes a sale pursuant to its judgment or decree, makes no contract which imposes any liability or subjects him to any such damages. He is the mere arm of the court by which it puts its decree into execution, subject at all times to its approval or condemnation. A bidder at the sale, to whom the property is struck down by the act of purchase, thereby subjects himself to the jurisdiction of the court, and in respect of subject-matter is under its protection and control. The court by its established practice and rules of equity is bound to see that he gets a marketable title to the property he purchases in accordance with the terms of purchase, and it has power to compel him to complete his purchase whenever the equity of the case requires it. If it turns out on the reasonable investigation which he is entitled to have made that there is any material defect of title, or material deficiency in quantity or any misrepresentation affecting in material respects the condition or quality of the thing sold, the court has ample power to relieve the purchaser and refund his advances with

interest and the reasonable costs and expenses of his examination and motion. But the court will not adjudicate in such case as between parties upon their voluntary contracts, and undertake the adjustment of damages as it may upon the enforcement of such contracts. It has nothing further to do in the matter than to enforce its judgment by making a judicial sale of the mortgaged property in which it assumes only the exercise toward the purchaser at the sale, of such equitable duties as will enable him to acquire according to and under the terms of his purchase, a marketable title to the property sold, and when it appears that it cannot do that it discharges him from the obligations of his purchase.

To go farther than this would in many cases be likely to lead to great embarrassments and sometimes to gross injustice. The case in hand may illustrate this. Here the purchaser has bought at the referee's sale between four and five acres of ground at the gross price of $30,000. He finds on searching title that as to about a third of an acre there is a defect of title because some possessor or claimant has not been made a party to the action and so his right or claim is not cut off or barred by the judgment of foreclosure. This probably entitles him to relief from his purchase ; but he insists that the court shall allow him to complete his purchase by ascertaining how much is the proportionate value of the strip or parcel to which the title will be defective, and deducting that from the purchase-price of the whole. On its face this has the appearance of justice and equity but that appearance is deceptive; for to do this is not to execute the judgment pronounced by the court but as to a portion of the mortgaged premises to leave it unexecuted, and to subject the parcel or strip not sold to the unpaid residue of the judgment or mortgage without the consent of the claimant or possessor who is not a party to the proceeding, and also to require the plaintiff to reopen his judgment as to that party and the unpaid portion of his mortgage, and bring him into a new or further proceeding for the foreclosure of the mortgage as to the parcel not sold. This might be extremely embarrassing as the party so brought in could contest the correctness of the value ascertained on this motion and contend that his parcel ought not to be subjected to any such proportion of the original mortgage. Equity would require that he be

heard and that his rights be ascertained and protected, and hence in its desire to do equity to the present purchaser the court might produce a state of things that would result in injustice to the plaintiff or to others whose claim to protection may be equally good. We think it will not do therefore to treat the purchasers at foreclosure sales under judgments of the courts as contractors with the court or with the referee or with the plaintiff in the action, and undertake to administer the equities as between them that may be applied in actions for the specific performance of personal contracts.

The motion below was properly denied and the order should be affirmed, with ten dollars costs, besides disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.